

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00144-CR

_____

MELANY M. BROWN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1505325D

---

Before Pittman, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Melany M. Brown appeals her conviction and her two-year sentence for possessing less than a gram of methamphetamine.[1] We affirm.

Without entering into a plea bargain, Brown pleaded guilty to possessing less than a gram of methamphetamine and pleaded true to a sentence-enhancement allegation. The trial court accepted her pleas and ordered the preparation of a presentence investigation report. After the completion of the presentence investigation, the trial court held a hearing on Brown's punishment. The court admitted the presentence investigation report, heard testimony from Brown and her father, found Brown guilty, and sentenced her to two years' confinement. She brought this appeal.

Brown's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that a "comprehensive review of the record does not disclose any arguable grounds to advance [on] appeal." 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). In compliance with *Kelly v. State*, counsel notified Brown of the motion to withdraw,

---

[1]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(b).

2

provided her a copy of the *Anders* brief, informed her of her right to file a pro se response, informed her of her right to seek discretionary review should this court hold that the appeal is frivolous, and took measures to facilitate her review of the appellate record. 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Brown did not file a pro se response to counsel's brief, and the State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 7, 2019

3